UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEEKSHA K. SINGH,

                  Plaintiff,

            -v-                                        06-CV-0299-JTC-LGF

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,
INTERNAL REVENUE SERVICE,
ERIE COMMUNITY COLLEGE,
MR. LOUIS J. CERCONE, JR.,
BRISBANE CONSULTING GROUP, LLC,
MS. EVELYNE O'SULLIVAN,
MR. AJIT SINGH,
COUNTY OF ERIE,
MR. WILLIAM D. REUTER,
MS. CONSTANCE MARCUS,
MS. JACQUELINE BOGDAN, and
LARRY S. STOLZENBURG,

                  Defendants.

Plaintiff Deeksha K. Singh, proceeding *pro se*,[1] commenced this action on May 9, 2006, against defendants New York State Department of Taxation & Finance ("NYSDOTF"), New York State Department of Civil Service, and New York State Office of State Comptroller, alleging employment discrimination based on sex (female) and national origin (India) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and requesting that the case be treated as a class action. Item 1. Prior

---

[1] By order entered October 17, 2007, this court granted plaintiff's request for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1), appointing Anna Marie Richmond, Esq., to represent plaintiff *pro bono* in this action. Subsequently, by order entered February 7, 2008 (Item 22), the court granted Ms. Richmond's motion to withdraw as plaintiff's counsel for failure to establish an appropriate attorney-client relationship. *See* Item 21. Plaintiff has since proceeded in this action *pro se*, and has not requested assignment of new counsel.

to filing an answer, defendants moved to dismiss the action as against the Department of Civil Service and the Comptroller's Office pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and to deny class certification for failure to meet the requirements of Fed. R. Civ. P. 23.   Items 10 & 11.   By order entered September 20, 2007 (Item 14), this court granted defendants' motion, and NYSDOTF filed its answer on October 1, 2007.  Item 15.

Following referral of the case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A),[2] plaintiff moved for leave to file an amended complaint, seeking to add new parties and new causes of action. Item 40.   Having received no response from defendant, Judge Schroeder granted the motion by text order entered September 28, 2010.  Item 48.  Accordingly, on October 25, 2010, plaintiff filed the amended complaint (Item 49) consisting of 30 single-spaced pages, setting forth a myriad of additional claims seeking various forms of injunctive, declaratory, and monetary relief based on violations of:

> Civil rights, personal injury, tort, property rights, privacy rights, rights under the constitution of the United States of America, rights under the Family and Medical Leave Act, rights under the Americans with Disabilities Act, discrimination based on gender, marital status, parental status, religion, national origin, disability, and race, retaliation due to plaintiff's exercise of

---

[2] 28 U.S.C. § 636(b)(1)(A) provides that, notwithstanding any provision of law to the contrary, a district judge:

> may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

legal rights, denial of rights, slander, injurious falsehood, and fraud among many others.

Item 49, ¶ 4.  Named as defendants, along with NYSDOTF, are NYSDOTF employee Constance Marcus (together, the "State Defendants"); the Internal Revenue Service ("IRS"); Erie Community College ("ECC") and ECC Financial Officer William D. Reuter (together, the "ECC Defendants"); the County of Erie; Brisbane Consulting Group, LLC, and Louis J. Cercone, Jr. (an accountant affiliated with Brisbane Consulting; together, the "Brisbane Defendants"); and individual defendants Evelyne O'Sullivan, Esq. (the attorney who represented plaintiff in her divorce), Ajit Singh (plaintiff's former husband), Jacqueline Bogdan (an employee of the accounting firm Ernst & Young, where plaintiff worked during 1999-2000), and Larry S. Stolzenburg (an accountant allegedly hired by plaintiff to perform an earnings capacity valuation in connection with her divorce).

On March 2, 2011, upon being informed of Magistrate Judge Schroeder's recusal, this court referred the case to United States Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B),[3] for all pretrial matters and to hear and report on dispositive motions.  Item 78.  The following motions were pending for consideration at the time of referral, or were filed soon thereafter:

1.     Motion by the State Defendants to dismiss the Title VII claim against Constance Marcus, pursuant to Rule 12(b)(6); for a more definite statement, pursuant to

---

[3]28 U.S.C. § 636(b)(1)(B) provides that, notwithstanding any provision of law to the contrary, a district judge:

> may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Rule 12(e); and to sever claims unrelated to plaintiff's employment with NYSDOTF (Item 52);

2.    Motion by the Brisbane Defendants to dismiss the amended complaint as against them, pursuant to Rule 12(b)(6) (Item 53);

3.    Motion by Jacqueline Bogdan to dismiss the amended complaint as against her, pursuant to Rule 12(b)(6); and for attorneys fees and costs as sanctions for filing a frivolous lawsuit, pursuant to Rule 11 (Item  59);

4.    Motion by the IRS to dismiss the amended complaint as against it, pursuant to Rules 12(b)(1) and 12(b)(6) (Item 74);

5.    Motion by Ajit Singh to dismiss the amended complaint as against him, pursuant to Rule 12(b)(6) (Item 82);  and

6.    Plaintiff's motion to file a second amended complaint (Item 73).

On July 28, 2011, in accordance with the authority granted in the court's referral order, Judge Foschio entered a Decision and Order/Report and Recommendation (Item 96), in which he recommended that this court grant the motions to dismiss filed by the State Defendants, the Brisbane Defendants, the IRS, Ajit Singh, and Jacqueline Bogdan, with the exception that it was recommended defendant Bogdan's motion be denied to the extent it seeks Rule 11 sanctions.  Judge Foschio also recommended that the court, in the exercise of its inherent authority to manage its docket, dismiss the amended complaint to the extent it asserts state law claims against Erie County and the ECC Defendants, and in its entirety as against individual defendants O'Sullivan and Stolzenburg, notwithstanding the fact that no dispositive motions had been filed on behalf of those defendants.  Judge Foschio also dismissed as moot (or, alternatively, denied) the State Defendants' non-

-4-

dispositive requests for severance and for a more definite statement.  Finally, Judge Foschio denied plaintiff's motion for leave to file a second amended complaint, but granted the motion to the extent it could be construed as seeking leave to supplement the complaint in order to allege additional facts regarding events that have occurred since the filing of the first amended complaint regarding plaintiff's employment at ECC which, if true, would establish "that the unlawful conduct of which Plaintiff has already complained continues."  Item 96, p. 73.

On August 8, 2011, plaintiff filed a document entitled, "Objection to Magistrate's 'Decision and Order Report and Recommendation.'"  Item 99.  Responses to plaintiff's objections have now been filed by the Brisbane Defendants (Item 101), the State Defendants (Item 102), the IRS (Item 103), Jacqueline Bogdan (Item 105), and the ECC Defendants (Item 106).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and its enabling statute, the Federal Magistrates Act, 28 U.S.C. §§ 631-39, the standard for district court review of a magistrate judge's pretrial order turns on whether the matters ruled upon are dispositive of the claims addressed.  *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *3 (S.D.N.Y. Oct. 28, 2009).  For nondispositive matters, such as plaintiff's motion to file a second amended complaint, the district court's review is limited to consideration of timely objections and modification or setting aside "any part of the order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge without the parties' consent."); *Sokol Holdings*, 2009 WL 3467756, at *4 (weight of authority favors

treating rulings on motions to amend as nondispositive, triggering "clearly erroneous" standard of review; collecting cases).

When reviewing a magistrate judge's order regarding a dispositive motion, such as a motion to dismiss for failure to state a claim upon which relief can be granted, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  If, however, the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the district court reviews the report and recommendation "only for clear error."  *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007); *see also Camardo v. General Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusive, or general and constitute a rehashing of the same arguments and positions taken in original pleadings)), *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when a party makes no objection to a portion of a report and recommendation, or where the objections "are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" made before the magistrate judge, *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346 (S.D.N.Y. 2006), the court reviews that portion for "clear error or manifest injustice."  *Dallio v. Hebert*, 678 F. Supp. 2d 35, 41 (N.D.N.Y. 2009).  After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff's objections, which, like her pleadings, must be liberally construed "to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), are essentially divided into two parts.  In "Part A," plaintiff generally objects to the magistrate judge's legal authority to make any rulings in the case at all, stating as follows:

> Plaintiff hereby files her Objection to the DECISION AND ORDER REPORT AND RECOMMENDATION of the Magistrate to every fact and legal conclusion stated in the Report denying her Motion to file a Second Amended Complaint on the grounds that the Magistrate did not have her consent to conduct a hearing, and therefore, does not have the authority, under 28 U.S.C. § 636(c)(1) to issue ORDERS.  Plaintiff poses the one overriding question to the Court at this time, and that is, By what legal authority does the Magistrate act in issuing the ORDERS in question?

Item 99, p. 4.

Clearly, Magistrate Judge Foschio acted entirely within the scope of authority conferred by this court pursuant to section 636(b)(1) of the Federal Magistrates Act, as implemented by Fed. R. Civ. P. 72.  Plaintiff's reference to section 636(c)(1) (which authorizes a magistrate judge to conduct any or all proceedings in the case and order the entry of judgment when specially designated to exercise such jurisdiction by the district court upon mutual consent of the parties) is irrelevant, since no such consent was obtained and no such special jurisdictional designation was made in this case.  *Cf. Jin-Jo v. JPMC Specialty Mortg. LLC*, 2010 WL 1558693, at *1 (W.D.N.Y. Apr. 15, 2010) (plaintiff's misunderstanding of the role of magistrate judges is irrelevant for the purposes of considering objections to report and recommendation).

In Part B of her objections, plaintiff asserts that the magistrate judge either omitted or incorrectly stated several critical facts pertaining to her allegations of wrongful conduct on the part of defendants, such that "Plaintiff would have to virtually restate her Complaint,

Amended Complaint and Reply and Cross-Motion herein" in order to properly object to the report and recommendation.  Item 99, pp. 7, 9.  Somewhat more specifically, plaintiff contends that the magistrate judge omitted the fact that Ms. Bogdan spread false rumors about plaintiff, the fact that Ms. Marcus devised conspiracy theories involving plaintiff, and the fact that Mr. Cercone and Ms. O'Sullivan influenced the state court judge presiding over plaintiff's divorce action to reduce the amount of child support she was entitled to.  Plaintiff also complains that the magistrate judge mischaracterized or incorrectly restated the facts regarding other matters such as the filing of the divorce action, the investigation of an ECC professor's rental of a steno machine, and the hours of plaintiff's fixed work schedule.

Even giving plaintiff full benefit of the requirements for consideration of matters raised in *pro se* submissions, these objections merely reiterate the allegations set forth in the amended complaint, and can only be construed as an attempt to engage this court in a rehashing of the same arguments made before the magistrate judge.  In the absence of any reference to pertinent legal authority, or any explanation as to how these so-called omissions or mistakes of fact might have affected the outcome of the magistrate judge's analysis, the court need not give *de novo* consideration to plaintiff's objections.  Rather, the court must review Judge Foschio's proposed findings of fact and recommendations for the disposition of the motions pending in this case only for clear error or manifest injustice.

In this regard, the court's reading of Judge Foschio's Decision and Order/Report and Recommendation in this matter reveals a detailed and comprehensive recitation of the facts underlying plaintiff's claims, painstakingly distilled from the pleadings and submissions on file and liberally construed to raise the strongest possible arguments for relief.  This was followed by an exhaustively researched discussion and analysis of the law

as to each of the claims addressed by the pending motions, resulting in the following proposed findings:

1.      Plaintiff has failed to state a plausible claim for relief against any defendant based on her allegations of a continuing conspiracy of retaliation against plaintiff for filing the EEOC charge against NYSDOTF (Item 96, pp.33-38);

2.      Plaintiff has failed to state a plausible claim for relief under Title VII against defendant Marcus (*id.* at pp. 38-43);

3.      Plaintiff's claims against the Brisbane Defendants are barred by the doctrine of *res judicata* and the applicable statute of limitations, fail to state a plausible basis for relief, and are otherwise unrelated to the federal claims so as to warrant the exercise of supplemental jurisdiction (*id*. at 44-49);

4.      Plaintiff has failed to state a plausible claim for relief against defendant Bogdan (*id.* at 49-51);

5.      Plaintiff has failed to state a plausible claim for relief against the IRS under Title VII, the ADA, the FMLA, or 26 U.S.C. § 7431 (prohibiting unauthorized disclosure of tax return information) (*id.* at 51-56);

6.      The court lacks subject matter jurisdiction, or supplemental jurisdiction, over plaintiff's claims against her former husband, Ajit Singh  (*id.* at 57-58).

Based on these findings, Judge Foschio recommended that this court grant the motions to dismiss filed by the State Defendants, the Brisbane Defendants, the IRS, Ajit Singh, and Jacqueline Bogdan, with the exception that defendant Bogdan's motion be denied to the extent it seeks Rule 11 sanctions.  Judge Foschio also recommended that

the court, in the exercise of its inherent authority to manage its docket, should dismiss *sua sponte* the conspiracy claims against non-moving defendants Erie County, ECC, and Reuter (together, the "County Defendants"), and all claims against defendants O'Sullivan and Stolzenburg.   Upon thorough review of the matters set forth in the parties' submissions, and upon full consideration of the legal authority relied upon by the magistrate judge, this court finds no clear error in his proposed findings or recommended disposition of the pending motions to dismiss that would result in manifest injustice should the recommendations be adopted.

The court likewise finds no clear error with respect to the magistrate judge's rulings on non-dispositive matters.  With regard to the State Defendants' request for severance of claims unrelated to plaintiff's employment with NYSDOTF, or for a more definite statement of claims alleged in the amended complaint, this court's adoption of the recommendation to grant the motions to dismiss leaves only the Title VII claims asserted in the original complaint against NYSDOTF, and the Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA") claims asserted against the County Defendants in the amended complaint.  As the magistrate judge points out, this result significantly narrows the scope of the lawsuit to reasonably discrete claims of discrimination by plaintiff's employers, minimizing inconvenience, delay, or prejudice to the parties in conducting further discovery, motion practice, and/or trial.  In any event, in the absence of any objections in this regard, the State Defendants have not shown–or even argued–that the magistrate judge's ruling is clearly erroneous or contrary to law.

Likewise, the court finds nothing in plaintiff's "Objection" to indicate that the magistrate judge's denial of plaintiff's motion for leave to submit a second amended

complaint could be considered clearly erroneous or contrary to law.  Indeed, the magistrate judge generously construed the motion as seeking leave to supplement in order to allow the pleadings to reflect additional factual allegations relating to plaintiff's ADA and FMLA claims against the County Defendants.

Based upon this review of Judge Foschio's Decision and Order/Report and Recommendation, and upon consideration of the matters set forth in the submissions of the parties, the court adopts in full the magistrate judge's proposed findings of fact and recommendations for disposition of the claims addressed by the motions to dismiss.  The court also finds that the magistrate judge's rulings on the State Defendants' motion for a more definite statement and to sever claims unrelated to plaintiff's employment with NYSDOTF, and plaintiff's motion for leave to submit a second amended complaint, have not been shown to be clearly erroneous or contrary to law.

Accordingly, the following is ordered:

The  motion by the State Defendants (Item 52) to dismiss the Title VII claim against Constance Marcus is granted with prejudice, and defendant Marcus is dismissed from this case.

The motion by the Brisbane Defendants (Item 53) to dismiss the amended complaint is granted with prejudice, and the Brisbane Defendants are dismissed from this case.

The motion by Jacqueline Bogdan (Item  59) to dismiss the amended complaint is granted with prejudice, and defendant Bogdan is dismissed from this case.  Defendant Bogdan's motion is denied to the extent it seeks Rule 11 sanctions.

The motion by the IRS (Item 74) to dismiss the amended complaint is granted with prejudice, and the IRS is dismissed from this case.

The motion by Ajit Singh (Item 82) to dismiss the amended complaint is granted with prejudice, and defendant Ajit Singh is dismissed from this case.

Plaintiff's conspiracy claims against non-moving defendants Erie County, ECC, and Reuter, and all claims against defendants O'Sullivan and Stolzenburg, are dismissed with prejudice in the exercise of the court's inherent authority to manage its docket. Defendants O'Sullivan and Stolzenburg are dismissed from the case.

Plaintiff's motion (Item 73) is denied to the extent it seeks leave to submit a second amended complaint, and granted to the extent it has been construed by the magistrate judge as seeking leave to supplement in order to allow the pleadings to reflect additional factual allegations relating to plaintiff's ADA and FMLA claims against the County Defendants.

As a result of these rulings, the only claims remaining for consideration in this case are plaintiff's Title VII claim against the NYSDOTF, set forth in the original complaint,[4] and plaintiff's claims against the County Defendants for violations of the ADA and the FMLA, set forth in the amended complaint (as supplemented). Therefore, the following schedule for further proceedings shall apply:

Any further discovery to be conducted in this matter shall be completed by the parties no later than February 3, 2012. Dispositive motions addressing the remaining claims shall be filed by defendants on or before March 2, 2012. Plaintiff's responses to these motions shall be filed by April 6, 2012. Replies, if any shall be filed by April 23, 2012,

---

[4]As noted by the magistrate judge, the Title VII claim against NYSDOTF set forth in the original complaint is incorporated by reference into the amended complaint at page 11. Item 96, p. 33 n. 18.

at which time the matter will be deemed submitted for this court's consideration without oral

argument.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:  October   21           , 2011
p:\pending\2006\06-299.oct14.2011