UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEEKSHA K. SINGH,

        Plaintiff,

        -v-                              06-CV-0299-JTC

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,
ERIE COMMUNITY COLLEGE,
COUNTY OF ERIE, and
WILLIAM D. REUTER,

        Defendants.

---

    By Notice of Deposition dated March 6, 2012, plaintiff Deeksha Singh seeks to depose defendant William D. Reuter and ECC employees Jack Quinn, Devendra Singh, Donna Kokanovich, Darley Willis, Richard Schott, and Eileen Flaherty. *See* Item 139-2, p. 2. Defendants Reuter and Erie Community College (collectively, "ECC") responded by letter dated April 25, 2012, with proposed dates and times for the depositions of William D. Reuter, Richard Schott, Darley Willis and Eileen Flaherty, and advising plaintiff that Mr. Quinn (ECC's President), Mr. Singh (plaintiff's father, a professor of mathematics at ECC), and Ms. Kokanovich (ECC's Supervisor of Accounts Payable) would not be produced for deposition since these employees had no direct involvement in, and possessed no information relevant to, plaintiff's claims against ECC for alleged violations of the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA") – the only remaining claims in the case. *See* Item 139-2, pp. 4-6. Plaintiff responded by letter dated May 2, 2012 in which she insisted on deposing Mr. Quinn, Mr. Singh, and Ms.

Case 1:06-cv-00299-JTC-LGF   Document 142   Filed 06/19/12   Page 2 of 3

Kokanovich because they "participated in acts of retaliation against [plaintiff] due to [her] discrimination complaint against NYSDOTF [the New York State Department of Taxation and Finance] …." Item 139-2, p. 9.

ECC now moves for a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, which provides that: "[a] party or any person from whom discovery is sought may move for a protective order … to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …." ECC relies on this court's October 21, 2011 order (adopting the July 28, 2011 Decision/Order/Report/Recommendation of Magistrate Judge Leslie G. Foschio) dismissing in their entirety plaintiff's claims based on allegations of a continuing conspiracy of retaliation for filing the discrimination charge against NYSDOTF. *See* Item 107, p. 9. ECC also relies on the declaration of Ms. Flaherty, ECC's Director of Human Resources, explaining that Mr. Quinn, Mr. Singh, and Ms. Kokanovich "had no involvement with any personnel decisions of any conceivable relevance to the plaintiff's ADA or FMLA claims …." Item 139-3, ¶ 5; *see also* ¶¶ 8, 9.

Based on these representations and the court's prior rulings, and for the reasons set forth at further length in the submissions supporting ECC's application, the court finds it necessary to issue this order pursuant to Fed. R. Civ. P. 26(c)(1) protecting Jack Quinn, Devendra Singh, and Donna Kokanovich from the annoyance, embarrassment, oppression, or undue burden and expense associated with having to give deposition testimony with respect to claims which are no longer viable in the case, and as to which these witnesses could offer no relevant information.

ECC has also filed a motion pursuant to Fed. R. Civ. P. 35 seeking an order directing plaintiff to submit to a mental examination in order to properly defend against plaintiff's allegations related to emotional distress damages (Item 140).  This motion is denied without prejudice to renew pending the outcome of defendants' dispositive motions on the liability issues address by this court's  October 21, 2011 order, scheduled to be filed on or before July 13, 2012.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:  6/18                        , 2012
p:\pending\2006\06-299.june15.2012